IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepney, Jr., a/k/a Wade Stepheney, Jr., Wade Stephney, and Wade Stepheny, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> SCDC Director Hon. Mr. Byers; SCDC Board of Directors, unknown AKA; S.C. Senator Hon. Mr. Mike Fair, Chairman; S.C. Senator Hon. K. Patterson, Cochairman; and SC Judicial Prison Penal Comm Board Members, AKA Unknown, <br><br> Defendants. | C/A No.: 1:12-1679-JMC-SVH <br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kirkland Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff alleges that defendant Byers, Director of the South Carolina Department of Corrections ("SCDC"), and defendant SCDC Board of Directors have failed to adequately

improvise "early (triggering) releases of SCDC non-violent inmates under Leeke et al. court order injunctions aleviating [sic] SCDC crowding and overcrowding." [Entry #1 at 4]. Plaintiff alleges defendants Fair, Patterson, and the SC Judicial Prison Penal Comm Board Members have failed to implement guidelines, policies, procedures, and plans under "Nelson v. Leeke" for the early release of SCDC non-violent inmates to alleviate overcrowding. *Id.*

Plaintiff asks this court to grant and amend "modifications of Nelson v. Leeke et al court orders for the early (triggering) release(s) of SCDC non-violent prison inmates and reductions of non-violent SCDC prison inmates court order sentences by 41%" to alleviate SCDC overcrowding.[1] *Id.* at 5. Plaintiff also seeks monetary damages. *Id.* at 3.

II.  Discussion

   A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an

---

[1] To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v.*

*Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff claims that overcrowded conditions at SCDC violate orders issued in the case of *Nelson v. Leeke, et al.* [Entry #1 at 2]. The *Nelson* case, which concerned prison conditions at SCDC, resulted in a consent decree in the mid-1980s. *See Plyler v. Leeke*, No. 82-0876-2, 1986 WL 84459 (D.S.C. March 26, 1986).[2] However, the court terminated that consent decree on June 4, 1996, pursuant to the Prison Litigation Reform Act. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996), *cert. denied*, 520 U.S. 1277 (1997). Thus, Plaintiff's reliance on the *Nelson* case is misplaced. *See Littlejohn v. Blanton*, No. 6:08-242-RBH, 2008 WL 701385, at *2 (D.S.C. March 13, 2008).

The court notes that Plaintiff has another case pending before this court regarding overcrowded conditions at SCDC.[3] *See Stepney v. Nelson, et al.*, C/A No. 1:12-01463-JMC-SVH (D.S.C. June 4, 2012). As in the instant pleading, Plaintiff's pending case alleges

---

[2] Gary Wayne Nelson was the original representative for the class in *Nelson v. Leeke*, Civil Action No. 3:82-876-2. Upon Mr. Nelson's release from SCDC, Harry Plyler became the class representative. However, the case is often referred to as the *Nelson* suit. *See Plyler v. Evatt*, 846 F.2d 208 (4th Cir. 1988).

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

4

overcrowding in violation of *Nelson v. Leeke* against defendant Byers and Unknown SCDC defendants. Because the issues involved in the complaint *sub judice* are currently before the court in Plaintiff's pending case, this duplicate § 1983 complaint is frivolous and subject to dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."). Therefore, in the interests of judicial economy and efficiency, the instant complaint should be summarily dismissed. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

The present complaint is subject to summary dismissal in any event because Plaintiff, while alleging generally overcrowded conditions at SCDC, fails to provide any facts to demonstrate that he has been personally subjected to overcrowding at Kirkland Correctional Institution. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court held:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

5

*Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)). Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"); *see also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Because the complaint provides no indication that Plaintiff has been subjected to overcrowding and no factual support for Plaintiff's conclusory allegation that the defendants are responsible for overcrowding at SCDC, the case is subject to summary dismissal.

III.   Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

July 31, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important Notice on the attached page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).