**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Wade Stepney, Jr., a/k/a Wade Stepheney, Jr., Wade Stephney, and Wade Stepheny, Jr., ) ) ) ) | | |
| Plaintiff, ) | | |
| v. ) | Civil Action No. 1:12-cv-01679-JMC | |
| ) | | |
| SCDC Director Hon. Mr. Byers; Board of Directors, Unknown AKA; S.C. Senator Hon. K. Patterson, Cochairman, And SC Judicial Prison Comm. Board Members, AKA unknown, ) ) ) ) ) | **ORDER AND OPINION** | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 11], filed on July 31, 2012, regarding Plaintiff Wade Stephney's ("Plaintiff") claims alleging violations of 42 U.S.C. §1983. Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently a prisoner at the Kirkland Correctional Institute ("Kirkland"). He challenges overcrowding conditions at the prison and seeks a reduction in his sentence and monetary damages. The Magistrate Judge recommends that this court dismiss the complaint without prejudice and without issuance and service of process. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for

the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff's timely filed objection is generally non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restates his claims. The Magistrate Judge found three reasons to dismiss Plaintiff's claims without prejudice, any of which alone would justify summary dismissal. First, the Magistrate Judge found that Plaintiff's reliance on *Nelson v. Leeke, et al*, C/A. No. 3:82-876-2, *sub nom Plyler v. Leeke*, C.A. No. 3:82-0876-2, 1986 WL 84459 (D.S.C. March 26, 1986) was misplaced because the consent decree alleviating prison overcrowding that resulted from that case has since been terminated. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996). Second, the Magistrate Judge noted that Plaintiff has another duplicative case pending before this court rendering this claim frivolous. Finally, the Magistrate Judge found that Plaintiff failed to provide the court with any facts that demonstrate that he has been personally subjected to overcrowding at Kirkland.

The court is able to discern an objection to the Magistrate Judge's assertion that Plaintiff failed to provide the court with facts that demonstrate he has been personally subjected to overcrowding. Plaintiff provided with his objection, a copy of the "intake memo" which is presumably provided to inmates upon their arrival at the Kirkland Reception and Evaluation Center. *See* Exhibit 1, Intake Memo [Dkt. No. 14-2]. The so-called Intake Memo includes the following phrase: "As you may be aware, SCDC (South Carolina Department of Corrections) is overcrowded and bed space at every institution is at a premium." This, Plaintiff claims, provides the factual basis for his claim that he has been subjected to overcrowding. Nevertheless, Plaintiff fails to address the Magistrate Judge's two other grounds for summary dismissal, either of which would be sufficient to justify dismissing the claim.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Report and Recommendation [Dkt. No. 11] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 30, 2012
Greenville, South Carolina